Filed 6/2/23  P. v. Allen CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084886 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. BF179575A) |
| v. | |
| FALESHA MARSHELLE ALLEN, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Chad A. Louie, Judge.

James S. Thomson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Franson, J. and Snauffer, J.

In 2020, appellant and defendant Falesha Marshelle Allen (appellant) pleaded no contest to count 1, attempted murder, and admitted great bodily injury and firearm enhancements. She was sentenced to an aggregate term of eight years in prison.

In 2022, appellant filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The superior court appointed counsel, conducted a hearing, and denied the petition for failing to state a prima facie case.

On appeal, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On February 23, 2023, this court sent an order to appellant stating her appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues she wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed her petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider her appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## <u>DISPOSITION</u>

The appeal is dismissed.